UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20801-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

vs.

LUIS ENRIQUE RENTERIA GRANADOS,

Defendant.

_____/

**PLEA AGREEMENT**

The United States of America and LUIS ENRIQUE RENTERIA GRANADOS (hereinafter referred to as the "defendant") enter into the following agreement:

1.        The defendant agrees to plead guilty to Count 1 of the Indictment which charges the defendant with conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a) and 70506(b).

2.        The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.  The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that

advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The defendant also understands and acknowledges that the Court must impose a mandatory minimum sentence of ten (10) years' imprisonment and may impose a statutory maximum of up to life imprisonment, followed by a term of supervised release between five (5) years' and life.   In addition to a term of imprisonment and supervised release, the Court may also impose a fine of up to $10,000,000.

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under the previous paragraph of this Plea Agreement, a special assessment in the amount of $100 will be imposed on the defendant.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the United States and the Court, at the time of sentencing, as to the reasons for the defendant's failure to pay.

5.      The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.      The United States agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the United States will make a motion requesting an additional one (1) level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.  The United States, however, will not be required to make the aforementioned recommendation or motion if the defendant:

    a.  fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

    b.  is found to have misrepresented facts to the government prior to entering this Plea Agreement; or

c.   commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense or making false statements or misrepresentations to any governmental entity or official.

7.   The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to the sentence to be imposed, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a.      Controlled Substance and Quantity:  the amount of cocaine involved that should be used to determine the base offense level is six (6) tons; and

b.      Role in the Offense:  That pursuant to Sections 3B1.1 and 3B1.2 of the United States Sentencing Guidelines, the parties agree that neither party will be seeking either an upward or a downward role adjustment.

8.   As this Indictment charges an offense under Title 46, the defendant is not eligible for the relief granted pursuant to Section 5C1.2 of the Sentencing Guidelines where the Court may impose a sentence within the sentencing guideline range without regard to any statutory minimum sentenced identified in paragraph three (3) above.  However, at the time of

sentencing, this Office will recommend that the defendant receive an additional two level decrease pursuant to Section 2D1.1(b)(17) of the Sentencing Guidelines, provided that:

a.  the defendant does not have more than one criminal history point, as determined under the Sentencing Guidelines;

b.  the defendant did not use violence or credible threats of violence or possessed a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense;

c.  the offense did not result in death or serious bodily injury to any person;

d.  the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise; and,

e.  not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence that the defendant has concerning the offense of offenses that were part of the same course of conduct or of a common scheme or plan.

9.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office or the Court. The defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may

disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

10.     The defendant agrees to assist the United States in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities.  The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to the United States upon its request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

11.     The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office.  In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

12.     This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the court at the time of sentencing.   If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced.  The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

13.     The defendant understands and acknowledges that the court is under no obligation to grant a motion for reduction of sentence filed by the government.  In addition, the defendant further understands and acknowledges that the court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation

14.     Defendant knowingly and voluntarily acknowledges that he is a national and citizen of Colombia.  Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which

defendant is pleading guilty.  Indeed, because the defendant is pleading guilty to conspiracy to possess with intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a) and 70506(b), removal is presumptively mandatory.

15.    The defendant has read and reviewed with his attorney in its entirety the document entitled Stipulated Factual Proffer for Guilty Plea.  The defendant adopts the facts articulated therein as accurate.

16.    This is the entire agreement and understanding between the United States and the defendant.  There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 12/8/16    By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

Date: _____    By: _____
LUIS ENRIQUE RENTERIA GRANADOS
DEFENDANT

Date: 12/8/16    By: _____
FELIPE JARAMILLO
ATTORNEY FOR DEFENDANT

Date: 12/8/16    By: _____
JASON W. KREISS
ATTORNEY FOR DEFENDANT

12/8/16    By: Consuelo M. Burranca
CONSUELO M. BURRANCA
Interpreter