UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                     CASE NO.  13-20801-CR-DIMITROULEAS

    Plaintiff,

vs.

LUIS ENRIQUE RENTERIA GRANADOS,

    Defendant.
_____/

**O R D E R**

THIS CAUSE is before the Court on Defendant Granados's April 29, 2022 unsworn Motion for Compassionate Release [DE-250].  The Court previously received a January 23, 2021 Response from the Government [DE-245]; the court has reviewed the Court file and Pre Sentence Investigation Report (PSIR), and having presided over this cause, finds as follows:

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court has considered the applicable factors in 18 U.S.C. § 3553(a) and the applicable Sentencing Guidelines Policy Statements.  The Court denied previous requests for relief on April 20, 2020 [DE-238] and March 3rd, 2021. No appeals were filed.  Since that first time, Granados survived a serious bout with COVID 19. He was vaccinated on April 21, 2021 [DE-250, p. 45].

Defendant is 74 years old and has served about 63% of a hundred twenty (120) month sentence.  The sentence was a significant downward variance, over the Government's objection. [DE-225, pp. 9-10].  The Court considered his age, medical condition and attempted assistance. He has alleged that the warden has denied his request or not acted on it for thirty (30) days. However, that request was made on February 6, 2020 and has not been again renewed after this Court's last denial of relief.

Granados alleged that he was hospitalized in May and June, 2020 and currently suffers from fatty liver, pulmonary hypertension[1], diabetes[2], chronic ulcer, uncontrollable bleeding, tachycardia, decreased vision, bilateral amblyopia (lazy eye), prostate problems, acid reflux, aortic aneurysm, heart disease and breathing problems. He claims he uses a wheelchair[3] and oxygen[4] at night. Although the court did not agree with all of the Government's objections, the Court agreed that, although a close issue, Granados had not shown that those problems rose to the level of extraordinary and compelling reasons for relief. Other than urinary tract infections, there is little factual support for most of his conclusory accusations. Nothing has changed the court's prior decision. Assuming the Court has jurisdiction, the Court has considered the § 3553(a) factors and declines the opportunity to exercise discretion to grant relief.

Moreover, a reduced sentence would not promote respect for the law[5] or act as a deterrent. The Court exercises discretion to deny relief also on this factor. The Court has also

---

[1] The Court did not agree with the Government's assertion that the records show Granados's non-compliance taking blood pressure medicine. Regarding [DE-243-2, p. 79] the court construes "d/c" to mean discontinue. If so, it appears the correct amount of Losartan Potassium (50 mg) was dispensed from 12/5/19 to 10/13/20. From 10/13/20 to 1/15/21, 95 days elapsed, and more than the three 25 mg tablets a day (285) have been dispensed (360), probably because the extra pills are for the rest of the month. Indeed, on October 13, 2020, there is an indication that Granados was compliant taking his medicine. [DE-243-2, p. 5]. With blood pressure readings of 144/84 on July 3, 2020 [DE-243-2, p. 20], 149/69 on August 7, 2020 [DE-243-2, p. 10] and 165/88 on October 13, 2020 [DE-243-2, p. 5], there seems to be some support for a hypertension diagnosis. Certainly, there were other more normal readings on other dates. [DE-243-2, p. 34]. The Court notes that an adult with hypertension "might be at an increased risk". *See, U.S. v. Harris,* 2021 WL 745262 * 3 (11th Cir 2021).

[2] On March 4, 2020, Granados's glucose level was 98, with an A1C of 5.5 [DE-243-2, p. 99]; on August 20, 2020, his glucose level was 114, with an A1C of 5.4 [DE-243-2, p. 100]. The court does not find that there is a strong argument for a significant diabetes diagnosis.

[3] A cellmate's saying on July 6, 2020 that Granados does not use a walker [DE-243-2, p. 18], does not mean he doesn't use a wheelchair now.

[4] By July 5, 2020, there is an indication that no oxygen was being used. [DE-243-2, p. 19]. However, that does not mean that he's not now needing oxygen at night.

[5] Significantly, six (6) tons of cocaine were involved in this case. [DE-67]. However, the Court did not agree with the Government's math in [DE-243, p. 26]. It would seem that the decimal point should be moved to 2.9 grams for every Broward County resident. In any event, a reduction in sentence would not promote respect for the law or act as a deterrent in a case of this magnitude.

considered the 18 U.S.C. § 3142(g) factors. *See, U.S. v. Groover,* 844 Fed Appx 485 (11th Cir. 2021).

Arguably, COVID 19 runs the risk of transforming any incarcerative sentence on a non-capital crime to be greater than necessary; that does not mean that all seriously sick or vulnerable people or those who have survived a difficult bout with COVID 19 , should be released on home confinement, nor does the potential of another COVID 19 diagnosis equal a "get out of jail" card. Additionally, a time served sentence would not automatically release Granados to go home and be treated by his daughter; he would be transferred to ICE detention for some period of time.

This Court does not find that COVID 19 conditions at the prison warrant relief. *See, U.S. v. Raia,* 954 F. 3d 594, 596-97 (3rd Cir. 2020). The Court is not comfortable utilizing the First Step Act as an authorization for the Court to become a *de facto* parole board. *U. S. v. Bryant,* 996 F. 3d 1243 (11th Cir. 2021). *But see, U.S. v. Brooker*[6], 976 F. 3d 228 (2d Cir. 2020). The decision to place someone on home confinement is normally one properly made by the Bureau of Prisons. *See, U.S. v. Murchison,* 865 F.3d 23, 28 (1st Cir. 2017).

This Court has, over the BOP's and government's objections, granted compassionate releases when there are truly extraordinary and compelling reasons shown and the 3553(a) factors support release; this is not such a case.

The Request [DE-250] is again **Denied** for the same previous reasons.

The Clerk will mail a copy of this order to the Defendant.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of May, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[6] Even under the more liberal *Brooker* standard, the Court would not exercise discretion and grant relief.

cc:

Don Chase, AUSA

Luis Enrique Renteria Granados # 09485-104

FCI Butler Low

Inmate Mails

P.O.Box 999

Butner, N.C. 27509